COMPAÑÍA AZUCARERA DEL TOA, PLAINTIFF AND APPELLANT, *v.* GALAN ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan *in Re* a Memorandum of Costs.

No. 2496.—Decided March 13, 1922.

COSTS—JUDGMENT—APPEAL.—An appeal from an order approving a memorandum of costs will be dismissed when the record contains no copy of the judgment on which the memorandum of costs and its approval were based.

The facts are stated in the opinion.
*Messrs. Soto Gras* and *Siaca* for the appellant.
*Mr. L Llorens* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from an order of the District Court of San Juan approving a memorandum of costs in favor of the appellees, defendants in the court below. The appellant has certified up the order approving the memorandum of costs, but the record contains no copy of the judgment on which the memorandum of costs and its approval were based. Without such a judgment before us we are without a sufficient record to determine the questions submitted and the appeal must be dismissed.

The appellant, in its brief, has drawn our attention to the previous appeal in this case and our judgment thereon of July 30, 1920. In the case of *Aparicio Brothers* v. *H. C. Christianson & Co.,* 25 P. R. R. 1, 8, we held that the record in a previous case could not generally be resorted to to serve an affirmative purpose of an appellant, or sometimes of an appellee; but assuming, without deciding, that there is a right to look at the record in the previous case, and especially at our opinion in that case, to determine the situation between the parties, we find the following facts:

The record in the previous case shows that a judgment was rendered on the seventh of August, 1918, whereby the court dismissed the complaint but imposed the costs on the defendant (*sic*). The opinion in the case rendered by the district court gives an order for costs in favor of the complainant, but nevertheless the recorded judgment as to costs is in favor of the defendant. In the present appeal the appellant concedes that a judgment was rendered against it on the seventh day of August, 1918. This confusion, by itself, would indicate that it is necessary for this court to have the judgment before it in order to determine in whose favor the recorded judgment stands. But this appeal in other ways illustrates the necessity that this court should have before it the judgment rendered by the court below. By the judgment of this court of July 30, 1920, the judgment ap-

pealed from, so far as the so-called second cause of action was concerned, was reversed and the case was remanded for further proceedings not inconsistent therewith, and in all other respects affirmed. If our action had been a final judgment, technically this reversal, so far as our records are concerned, would have left a judgment for costs in force against the defendant, but taking it for granted that the court wished to and did render judgment for costs in favor of the defendants, we are nevertheless of the opinion that the records do not disclose that a final judgment for costs existed in favor of any of the parties to the present appeal.

The original complaint in this case contained two counts and the District Court of San Juan dismissed both of them by its judgment of August 7, 1918. This court reversed the action of the District Court of San Juan in so far as it dismissed the second cause of action, but affirmed the judgment in other respects. We were, of course, not considering the matter of costs, but simply held in effect that the complainant had totally failed with regard to its first cause of action, and that was *res adjudicata.* But we sent the case back for further proceedings, leaving it available to the complainant to proceed with the second cause of action. There is nothing in the record before us in the present appeal to show that on the return of the case to the district court anything was done by the parties other than the presentation by the defendants of a memorandum of costs and the order of the court thereon. It was available to the complainant to insist upon a trial on its second cause of action, and if the said complainant failed to take any steps, it was available to the defendants to insist upon a judgment for a lack of prosecution by the complainant. However that may be, the effect of our judgment was to destroy the judgment of the District Court of San Juan of 1918 as a final judgment, leaving the case still pending for further proceedings. An analogous situation arises in a district court where a demurrer is pre-

sented to a complaint containing two causes of action and the court sustains the demurrer to both counts and this court reverses the case as to one count and sends the case· back for further proceedings. There is no final judgment. In case No. 9025 pending before the District Court of San Juan, so far as the records disclose, there is nothing beyond the order of this court sending the case back for further proceedings. Final action in the case was never taken.

We have said all this in partial illustration of the necessity for this court to have the final judgment of the district court before it, and this is all the more necessary by the nature of the questions presented to us by the appellant. The date of the judgment rendered by the District Court of San Juan might play an important part in determining whether or not the use of the word ''costs'' by the court in rendering judgment included counsel fees. Our decisions in this matter were somewhat conflicting. Considered generally, a judgment is necessary to appeal from an order approving a memorandum of costs, because it is the basis of such memorandum. An analogy of the law is that we cannot consider the correctness of a judgment in the case where the insufficiency of the proof is alleged, without having the pleadings before us. Similarly, we have decided that the judgment is necessary on the review of a motion for a new trial, and on May 26, 1921, this court decided that if the transcript on appeal did not include the evidence, the Supreme Court was not in a position to decide whether the court below abused its discretion in awarding costs. Somewhat similar considerations are set forth in the case of *Aparicio Bros.* v. *H. C. Christianson & Co.*, 25 P. R. R. 1. As was said in that case, we might certify up the judgment, but as we apprehend that no final judgment was ever rendered in the case, we think it would be better for the parties to agree to obtain a final judgment in the District Court of San Juan.

The appeal must be dismissed without prejudice to the

right of the appellant to bring up a copy of a final judgment, if one exists, and ask that the case be reinstated.

*Appeal dismissed.*

Chief Justice Del Toro and Justice Aldrey concurred.
Mr. Justice Hutchison dissented.